FILED
APR 2 7 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MARIA D. VALENTIN,                          Civil No. 09-1424-AC

        Plaintiff

    v.                                      **FINDINGS AND**
                                            **RECOMMENDATION**
MICHAEL J. ASTRUE,
Commissioner of Social Security

        Defendant.


ACOSTA, Magistrate Judge:

Plaintiff Maria Valentin ("Valentin") seeks judicial review of the Social Security Commissioner's final decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's decision should be affirmed.

## BACKGROUND

Born in 1963, Valentin first filed for SSI on December 28, 2001. Tr. 70. This application was denied initially and upon reconsideration. Tr. 35-36, 45-48. An Administrative Law Judge

1 - FINDINGS AND RECOMMENDATION

("ALJ") subsequently affirmed that decision on September 5, 2003 (Tr. 275-86), and Valentin did not appeal.

On January 26, 2005, Valentin filed a second SSI application (Tr. 15, 310C), alleging disability due to osteoarthritis, high blood pressure, asthma, allergies, and depression. Tr. 313. The Commissioner denied this second application initially and upon reconsideration. Tr. 303-09. Valentin requested an administrative hearing, which was held on November 22, 3007. Tr. 639-61. Following this hearing, and Administrative Law Judge ("ALJ") again found Valentin not disabled on February 4, 2008. Tr. 15-24. The Appeals Council declined review of this decision, and Valentin appeals to this court.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month durational requirement. 20 C.F.R. §§ 416.909; 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other

relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. § 416.920(e); Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. If the ALJ finds that the claimant's RFC precludes performance of her past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. 20 C.F.R. §§ 416.920(a)(4)(v); 416.920(f); *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If the claimant cannot perform such work, she is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 416.920(g); 416.966.

## THE ALJ'S FINDINGS

The ALJ found Valentin's lumbar degenerative disc disease, mood disorder, and somatization disorder "severe" at step two in the sequential proceedings. Tr. 17. The ALJ found that these impairments did not equal a "listed" impairment at step three (Tr. 18), and found that Valentin retained the following RFC:

3 - FINDINGS AND RECOMMENDATION

> [T]he claimant has the residual functional capacity to lift 10 to 15
> pounds frequently and occasionally because of her disc disease. She
> is able to sit, stand and walk six hours each in an eight-hour workday.
> She is restricted to simple, routine, repetitive work because of mental
> impairments.  She must avoid environmental hazards because of
> headaches.

Tr. 19.  At step four, the ALJ found that Valentin had no past relevant work, a marginal education,

able to communicate in English.  Tr. 23.  At step five, the ALJ relied upon a vocational expert's

testimony to find that Valentin could perform work in the national economy.  Tr. 23-24.  The ALJ

therefore found Valentin not disabled.  Tr. 24.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied

proper legal standards and the findings are supported by substantial evidence in the record.  42

U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193

(9th Cir. 2004).  "Substantial evidence" means "more than a mere scintilla, but less than a

preponderance."  *Bray v. Comm'r of the Soc. Sec. Admin*, 554 F.3d 1219, 1222 (9th Cir. 2009)

(quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  It is "such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion."  *Id.*

This court must weigh the evidence that supports and detracts from the ALJ's conclusion.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Reddick v. Chater*, 157 F.3d 715,

720 (9th Cir. 1998)).  The reviewing court may not substitute its judgment for that of the

Commissioner.  *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir.

2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  Variable interpretations

of the evidence are insignificant if the Commissioner's interpretation is a rational reading.  *Id.*, *see*

*also Batson*, 359 F.3d at 1193.

ANALYSIS

Valentin challenges the ALJ's evaluation of her credibility and his rejection of the opinion of a reviewing physician. Valentin also asserts that the ALJ should have found her migraine headaches and obesity "severe" at step two in the sequential proceedings. She consequently asserts that the ALJ should have found her disabled at step five.

**I.    Credibility**

Valentin challenges the ALJ's finding that her symptom testimony was "not entirely credible." Tr. 20.

**A.    Standards: Credibility**

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter,* 504 F.3d at 1036 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc)). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284; *see also* SSR 96-7p at *3 (available at 1996 WL 374186). The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Smolen*,

80 F.3d at 1284.  Once a claimant establishes an impairment, the ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence."  *Robbins*, 466 F.3d at 883.

### B.    Analysis

Valentin asserts that the ALJ's citation to the medical record does not satisfy his obligation to provide clear and convincing reasons, and specifically cites a January 2005 chart note submitted by nurse practitioner Hannah Pappas.  Pl.'s Opening Br. 10.  Valentin also contends that the ALJ made improper findings regarding her alleged secondary gain.  *Id.* at 12.  The Commissioner asserts, without explaining the ALJ's findings, that the ALJ properly relied upon Valentin's inconsistent statements, failure to follow treatment, evidence of secondary gain, work activity, and medical evidence in finding her not entirely credible.  Def.'s Br. 11.

#### a.    The ALJ's Findings

The ALJ's discussion cited numerous reasons for finding Valentin's symptom testimony "not entirely credible."  Tr. 20-23.  The ALJ noted that Valentin worked five days per week, for two to four hours each day.  Tr. 22.  The ALJ concurrently noted that Valentin is caretaker for her three children that remain living in her home, and that these children are ages 14, 17, and 19.  Tr. 22.

The ALJ also found that Valentin failed to attend numerous mental health appointments, often without notice.  Tr. 21.  Here the ALJ discussed the opinion of Valentin's mental health therapist, who commented that it was unclear to her whether Valentin exhibited secondary gain regarding her daughter's disability income.  Tr. 22 (citing Ex. B-10 F/170 [Tr. 552]).  The ALJ concurrently noted the therapist's opinion that Valentin is "capable of employment."  *Id.*  Finally,

the ALJ discussed Valentin's medical record at length.  Tr. 20-22.

### b.    Failure to Follow Treatment

The ALJ found that Valentin regularly cancelled or failed to attend mental health appointments "because of various muscle aches, pain in feet and knees, headaches, and other somatic symptoms."  Tr. 21.  Valentin does not address this finding.  The Commissioner also points to the ALJ's finding that Valentin failed to follow treatment, but does not explain his argument.  Def.'s Br. 11 (citing Tr. 21-22).

The ALJ's credibility analysis may cite a claimant's failure to follow treatment.  *Smolen,* 80 F.3d at 1284.  The record shows that Valentin regularly failed to attend mental health appointments, or cancelled them with very short notice.  Tr. 390, 392-93, 397.  The ALJ's finding is supported by the record and should therefore be sustained.

### c.    Inference of Secondary Gain

The Commissioner also points to the ALJ's finding that Valentin's record supports an inference of secondary gain.  Def.'s Br. 11 (citing 22).  The ALJ noted Valentin's relief that her social worker "stopped trying to cut off her cash assistance benefits," and that Valentin was "clearly very invested in her daughter maintaining her disability income."  Tr. 22.  Valentin does not address this finding.

This court does not endorse penalization of disability claimants based upon secondary gain in the course of seeking benefits.  *Edgar v. Astrue,* No. 08-6379, 2010 WL 2730927, at *5 (D. Or. June 2, 2010) (citing *Ratto v. Chater,* 838 F. Supp. 1415, 1428-29 (D. Or. 1993)).  This finding therefore should not be sustained.

### d.    Medical Evidence

#### i.    The ALJ's Summary of the Record

As Valentin notes, the ALJ discussed her medical record at length. Tr. 21-22. Here the ALJ discussed her treatment for low back pain, asthma, hypertension, depression, muscle aches, headaches, and abdominal pain. Tr. 20-23. The ALJ noted that Valentin's asthma was diagnosed as "mild intermittent." Tr. 21. The ALJ also found that Valentin received minimal treatment, and that examination and diagnostic imaging studies were normal regarding her head and musculoskeletal complaints. *Id.* Valentin does not challenge these findings, and they should therefore be affirmed.

#### ii.    Nurse Pappas's Opinion

Valentin asserts that the ALJ inaccurately assessed chart notes submitted by Nurse Practitioner Hanna Pappas in his credibility analysis. Pl.'s Opening Br. 10-11. Nurse Pappas wrote a "to whom it may concern" note on January 7, 2005, stating that Valentin carried diagnoses of mild intermittent asthma, depression and anxiety with panic disorder, psoriasis, hypertension, tinnitus with vertigo, "chronic migrating arthralgias/myalgias" with a questionable diagnosis of fibromyalgia, and chronic migraine headaches. Tr. 441. Nurse Pappas listed Valentin's current medications, and wrote, "It is my opinion Maria is capable of employment, however job search is limited by lack of transportation [and] frequent exacerbations of multiple chronic conditions" listed above. *Id.* On January 11, 2005, Nurse Pappas wrote that she felt it "unlikely" that these diagnoses would entitle Valentin to disability. Tr. 440.

Nurse Pappas wrote a second "to whom it may concern" chart note on April 29, 2005, stating,

"Maria has multiple chronic conditions including chronic [headache], tinnitus, [and] vertigo. She is stabilizing, but continues to have days" of decreased[1] functioning.  Tr. 435.  Nurse Pappas concluded, "I believe she may need to be excused from programs 1-2 days" per month.  *Id.*

The ALJ noted Nurse Pappas's January 11, 2005, opinion that Valentin's diagnoses were "unlikely" to entitle her to disability benefits.  Tr. 22.  The ALJ also noted Nurse Pappas's opinion that Valentin was capable of employment.  *Id.*  This citation accurately reflects Nurse Pappas's January 7, 2005, opinion.  Nurse Pappas's April 29, 2005, opinion states that Valentin's conditions were "stabilizing," and did not state that Valentin could not work; Nurse Pappas stated only that Valentin "may" need excuses from job training programs one or two days per month, for an unspecified duration.  Tr. 435.  Contrary to Valentin's assertion, this statement does not establish that Valentin would be absent from the workplace two or more days per month throughout the period during which she alleges disability.  The ALJ therefore did not erroneously omit this statement.

### iii.    The ALJ Appropriately Relied on the Medical Record

In summary, the ALJ's credibility determination may not rely "solely upon" a claimant's medical record, but may cite it in conjunction with other credibility findings.  *Smolen*, 80 F.3d at 1280.  Because the ALJ's reference to Valentin's activities of daily living and failure to follow treatment should be sustained, his citation to Valentin's medical record in his credibility finding does not stand alone and should be sustained also.

### C.    Credibility Conclusion

The ALJ's credibility findings should be affirmed for the reasons above.  However, the court

---

[1]Here Nurse Pappas drew a downward arrow.  Tr. 435.

notes that the Commissioner asserts that the ALJ found that Valentin made inconsistent statements regarding "the treatment she received symptoms, and limitations." Def.'s Br. 11 (citing Tr. 21). The Commissioner does not explain this assertion, his indicated citation points to no such finding, and this court finds no such language in the ALJ's opinion. This argument should not be sustained.

## II.    Medical Source Statements

Green asserts that the ALJ erroneously evaluated the opinion of a Disability Determination Services ("DDS")[2] reviewing physician. Pl.'s Opening Br. 8.

### A.    Standards: Medical Source Statements

Disability opinions are reserved for the Commissioner. 20 C.F.R. § 416.927(e)(1). When making that determination, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ must also generally give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* If two opinions conflict, an ALJ must give "specific and legitimate reasons" for discrediting a treating physician in favor of an examining physician. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The opinion of a reviewing physician may not constitute substantial evidence when it contradicts the opinion of a treating or examining physician. *Lester*, 81 F.3d at 831.

### B.    Analysis

Valentin's introduction to her argument addresses reviewing physicians Drs. Jensen and

---

[2]DDS is a federally-funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration. 20 C.F.R. § 416.903.

Alley. Pl.'s Opening Br. 9.  However, her briefing contains no other citation to either opinion, and

instead discusses Valentin's testimony regarding her work activity. Pl.'s Opening Br. 9.

      **a.**     **Dr. Alley's September 30, 2005, Opinion**

Reviewing physician Richard Alley, M.D., assessed Valentin's medical record for DDS on

September 30, 2005.  Tr. 415-23 (Ex. B-5F).  The first page of this document has "Linda Jensen"

handwritten at the bottom of the page (Tr. 415), but the opinion bears Dr. Alley's signature.  Tr. 423.

Dr. Alley found that Valentin may occasionally lift ten pounds, frequently lift less than ten pounds,

and sit for "about 6 hours in an 8 hour workday."  Tr. 416.  These limitations represent less than

"light" work under the Commissioner's regulations.  20 C.F.R. § 416.1567.  Dr. Alley assessed no

postural, manipulative, visual, communicative, or environmental limitations.  Tr. 417-19.

Examining physician Rocely Ella-Tamayo, M.D., assessed no physical limitations on March

14, 2002.  Tr. 142.  Another DDS reviewing physician also found that Valentin had no exertional

limitations on March 29, 2002.  Tr. 145.  Finally, treating physician Oscar Moore, M.D., stated that

Valentin could not lift any weight (Tr. 156), but that this restriction would end on May 5, 2003.  Tr.

164.  Notably, Valentin does not challenge the ALJ's analysis of Dr. Moore's opinion and any such

challenge is therefore waived.

Because Dr. Alley's opinion is contradicted by these other physicians of record, the ALJ

needed only to offer "specific and legitimate" reasons for rejecting Dr. Alley's opinion. *Lester*, 80

F.3d at 830.  Further, the opinion of a non-examining, or reviewing, physician may not by itself

constitute substantial evidence justifying rejection of an examining or treating medical source

opinion. *Id.* at 831.  But, the ALJ must base his "specific and legitimate" reasons for rejecting Dr.

Alley's opinion upon substantial evidence. *Lester*, 80 F.3d at 831. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

The ALJ found Dr. Alley's opinion "unsubstantiated" because Valentin was currently working at "light" level work. Tr. 22. The record shows that, at the time of her November 7, 2007, hearing, Valentin was working two and a half to five hours per day as a cleaner at the Portland Japanese Gardens. Tr. 643-44. The vocational expert testified that this was light level work as Valentin performed it. Tr. 659. The ALJ may cite a claimant's testimony conflicting with a physicians opinion. *Lester*, 81 F.3d at 831 (citing *Magallanes v. Bowen*, 881 F.3d 747, 751-52 (9th Cir. 1989)). For these reasons, the ALJ's rejection of Dr. Alley's opinion was based upon the record and appropriate legal standards, and should be sustained.

Valentin now asserts that this work activity is consistent with the Commissioner's regulations, and the ALJ therefore erroneously relied upon it. Pl.'s Opening Br., 8 (citing 20 C.F.R. § 416.110). Valentin's indicated citation pertains to an overview of benefit eligibility requirements, and is not relevant to the ALJ's discussion of her work activity to the extent that it represents activity contradicting physician reports. This argument should not be sustained.

III.    **The ALJ's Step Two Findings**

Valentin asserts that the ALJ should have found her migraine headaches "severe" at step two in the sequential proceedings. Pl.'s Opening Br. 7. She concurrently asserts that the ALJ should have addressed her obesity at step two. *Id.*

A.    **Standards: Severity Findings At Step Two**

At step two, the ALJ determines if the claimant has a "severe" impairment. 20 C.F.R. §

416.920(a)(4)(ii).  An impairment is "severe" if it "significantly limits your ability to do basic work activities."  20 C.F.R. § 416.920(c), *see also* 20 C.F.R. § 416.921.  Such an impairment must last, or be expected to last, twelve months.  20 C.F.R. § 416.909.  However, the ALJ's analysis at steps four and five must consider all of a claimant's impairments, both severe and non-severe.  20 C.F.R. § 416.945(a)(2).  When the ALJ proceeds beyond step two, and considers all of a claimant's impairments in formulating his RFC analysis, any omission at step two is harmless.  *Lewis v. Astrue*, 498 F.3d 909, 511 (9th Cir. 2007).  To establish reversible error at step two in the sequential proceedings, a claimant must show that the ALJ's RFC analysis did not consider the contested step two impairment.  *Id.*  Mere demonstration of error in the ALJ's step two analysis does not establish reversible error.  *Id.*

**B.     Analysis**

**a.     Migraine Headaches**

The ALJ found Valentin's migraine headaches non-severe at step two.  Tr. 18.  The ALJ stated, "Headaches have generally been under control with medications, including Toradol and Imitrex."  *Id.* (internal citations omitted).  The ALJ also noted Valentin's testimony that her headaches caused her to miss "one day of work in the last two months."  *Id.*  The ALJ therefore concluded that her headaches did not significantly interfere with her ability to work, and thus found them a non-severe impairment.  *Id.*  However, the ALJ included the effects of Valentin's headaches in Valentin's RFC assessment, stating that "she must avoid environmental hazards because of headaches."  Tr. 19.

Valentin cites her own testimony that she is unable to perform her usual activities when she

13 - FINDINGS AND RECOMMENDATION

has a headache due to sound and light sensitivity. Pl.'s Opening Br. 7. The ALJ declined to rely upon Valentin's symptom testimony because he found it not entirely credible. Tr. 20. As discussed above, Valentin fails to establish reversible error in this analysis. The ALJ's failure to include her own testimony in his assessment of her headaches at step two should therefore be affirmed.

Valentin also asserts, without citation, that the ALJ erroneously relied upon her testimony that she missed one day of work in a two month period due to her headaches. Pl.'s Opening Br. 8. Valentin correctly states that a claimant may be found disabled despite symptom-free periods. *Id.* (citing *Lester*, 69 F.3d at 1466). However, this standard pertains to a finding of disability, rather than a step two finding. To be found "severe" at step two, a claimant's alleged impairment must "significantly limit" her ability to work. 20 C.F.R. § 416.920(c); 416.921. The ALJ's finding is consistent with this standard.

Finally, Valentin fails to explain the manner in which any alleged error regarding her migraine headaches constitutes reversible error. This court will not reverse an ALJ's step two findings where the ALJ's subsequent findings included the effects of the impairment alleged at step two. *Lewis*, 498 F.3d at 511. The ALJ cited Valentin's headaches in her RFC assessment, and restricted her from exposure to environmental hazards. Tr. 19.

Because it is based upon the record and the proper legal standards, the ALJ's findings regarding Valentin's migraine headaches at step two should be affirmed.

### b.    Obesity

Valentin also asserts that the ALJ erroneously omitted her obesity from his step two findings. Pl.'s Opening Br. 8. Valentin did not cite her alleged obesity in any of her submissions to the

Commissioner.   Valentin, who was represented by counsel, also did not raise this argument at her hearings before the ALJ.

Valentin now points to the record showing that she is five feet four inches tall, and weighs 196 pounds. Pl.'s Opening Br. 8 (citing Tr. 598). Valentin states, without citation, that her alleged obesity limits her ability to walk, climb stairs, and perform postural functions. *Id.* Valentin does not cite the record explain the manner in which this allegation establishes an additional work-related limitation at step two in the sequential proceeding. *Id.* To succeed in an obesity claim, a claimant must show that her obesity exacerbates her other symptoms. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).   An ALJ is not required to discuss "the combined effect of a claimant's impairments," including obesity, " unless the claimant presents evidence in an effort to establish equivalence." *Id.* at 683.  Valentin presently fails to carry this burden, and this court therefore finds no reversible error in the ALJ's omission of her obesity.

### C.    Conclusion: Step Two Findings

Valentin fails to show that the ALJ's omissions at step two constituted reversible error.  The ALJ's subsequent discussion included limitations stemming from Valentin's headaches, and Valentin fails to show that the ALJ omitted limitations related to her obesity.  For these reasons, the ALJ's step two findings should be affirmed.

## IV.    The ALJ's Step Five Findings

Valentin finally asserts that the ALJ relied upon an incomplete hypothetical question to the vocational expert at step five in the sequential proceedings, and that the ALJ should have included additional limitations establishing disability. Pl.'s Opening Br. 13.

At step five in the sequential proceedings, the ALJ may draw upon a vocational expert's testimony to show that claimant can perform work in the national economy. 20 C.F.R. §§ 416.960(b)(2); 416.966(e). The ALJ's questions to the vocational expert must include all properly supported limitations. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

Valentin presently fails to establish that the ALJ erroneously omitted any work-related limitations from her RFC assessment and his subsequent questions to the vocational expert. This submission therefore should not be sustained.

## CONCLUSION AND RECOMMENDATION

The Commissioner's decision that Valentin did not suffer from disability, and is not entitled to benefits under Title XVI of the Social Security Act, is based upon correct legal standards and supported by substantial evidence. The Commissioner's decision should be AFFIRMED.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **May 12, 2011**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 27th day of April, 2011.

JOHN V. ACOSTA
United States Magistrate Judge

16 - FINDINGS AND RECOMMENDATION